No. 21,313.

THE FARMERS & MERCHANTS STATE BANK, *Appellee*, v. L. C. BEAL, *Appellant*, et al.

### SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Collateral Security — Innocent Holder — Extension.* A bank loaned a sum of money to a customer, taking his promissory note therefor, secured by that of another, payable to such customer, as collateral. The consideration for the collateral note failed. The bank extended the collateral note at the request of the maker, and on payment of interest by him. After the original date of maturity, and before the expiration of the extension of the collateral note, the bank returned the principal note to the borrower, marking it paid on its ledger, and took over the collateral note, entering it as discounted on its record. There was nothing in the evidence to indicate any notice or knowledge on the part of the bank of any infirmity in or defense to the collateral note. *Held*, that as to the defendant, Beal, the bank is an innocent holder.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed February 9, 1918. Affirmed.

*E. C. Wilcox, Myrtle Youngberg, W. R. Rowell,* all of Anthony, and *H. C. Kirkendall,* of Cherokee, Okla., for the appellant.

*Donald Muir,* of Anthony, for the appellee.

31—Kan.—1778

The opinion of the court was delivered by

WEST, J.: The defendant executed a note for $150 to Ed Lane, who bought a thrashing machine of one Raine, and had an arrangement by which Raine was to hold the note until Lane should pay it by thrashing certain wheat, when the note was to be returned to the maker. Raine borrowed $150 of the plaintiff bank, putting up the Beal note as collateral. After the principal note became due, the bank handed it back to Raine and took the Beal note instead, entering upon its ledger that the Raine note was paid September 18, 1915, and on its discount record that the Beal note was discounted on the same date. The bank sued Beal on his note, and he pleaded want of consideration by reason of failure to thrash the wheat according to the agreement already indicated, and, further, that the bank had taken the note as collateral after it had become due and with full knowledge of the consideration for which it was given. The bank recovered, and Beal appeals.

Error is assigned on the overruling of defendant's demurrer to plaintiff's evidence, the giving and refusing of certain instructions, and the denial of defendant's motion for new trial. It is also claimed that the verdict is not supported by the evidence.

Instructions were refused, to the effect that if after receiving the note as collateral security the bank discharged the principal obligation it would not be entitled to retain the collateral longer and could not maintain its action, and that if after the principal note became due the bank closed its transaction with Raine and became the owner of the collateral note it would not thereby become a holder in due course.

Assuming that the consideration for the Beal note failed, which seems to be the fact, and that he would therefore have a good defense except as to an innocent holder, the question is whether or not the bank is such holder.

The cashier testified that, after he notified Beal that he had the note, Beal came in and paid the interest on it and extended it for six months from the time it was given.

"The note I took from Raines to which I took this one as collateral, I gave back to him when he paid it. Mr. Raines wanted to borrow the money and I took this note as collateral to his note. I turned it back to

him simply because I considered I could collect this and didn't care to hold the other because I could not collect it. I came 'to that conclusion after harvest I think as late as August. Up to that time I had just loaned the money to Mr. Raines and I then decided I would take this note and I turned his note back to him.

"In a few days Mr. Beal came into the Bank, paid up the interest on the note, and same was extended by the bank. The Raine note was turned back to the maker, and the bank elected to hold the collateral for the debt."

Counsel for Beal contend that as the bank took over the collateral note after maturity it was no longer an innocent holder. But the trouble is, that after its extension by the bank, at the request of Beal, the collateral note would not come due until October, and when the bank took it in payment of the Raine note it was not yet due. At any rate, there is nothing to indicate that the bank at this time had any notice or knowledge of any infirmity in the Beal note.

Whether or not the plaintiff upon purchasing the Beal note simply added the full title to the title which it had already held as collateral security, and whether or not the latter merged in the former, need not be determined. Neither is it essential to consider what the rights of a purchaser from the bank might have been after the original maturity and before the expiration of the extension.

On the note itself was indorsed: "Int. paid for 6 months by L. C. Beal." As the note was for 90 days, this was a plain indication that a 90-day extension had been agreed upon, and, whatever notice this might have imparted to a third person purchasing between the two dates of maturity, the defendant cannot be heard to say, after procuring the extension, that the note was not extended, and hence was past maturity when taken over by the bank.

The instructions requested by the defendant were on the assumption that the collateral note was past due when the bank took it over, and hence their refusal was not error.

As to the complaint that the charge left the jury to determine what the defense was, it must be observed that the instructions taken together fully advised the jury what the claims of the parties were.

Finding no error, the judgment is affirmed.